**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 18-4103

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

    v.

JAMISON FRANKLIN KNOWLES,

                Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Richard Mark Gergel, District Judge.  (2:15-cr-00875-RMG-1)

Submitted:  April 30, 2019                     Decided:  May 20, 2019

Before FLOYD and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Emily Deck Harrill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Sherri A. Lydon, United States Attorney, Dean H. Secor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamison Franklin Knowles pled guilty, pursuant to a conditional plea agreement, to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2) (2012). Knowles contends that the district court erroneously determined that he was non-indigent and thereby erred in imposing a mandatory $5000 special assessment under 18 U.S.C.A. § 3014 (West Supp. 2018). We affirm.

Section 3014 provides that, "in addition to the assessment imposed under [18 U.S.C. §] 3013,[1] the [district] court shall assess an amount of $5,000 on any non-indigent person . . . convicted of [enumerated] offense[s]," including possession of child pornography. § 3014(a)(3). The $5000 special assessment "shall . . . be collected in the manner that fines are collected in criminal cases." § 3014(f); *see* 18 U.S.C. § 3572(d)(1) (2012) ("A person sentenced to pay a fine or other monetary penalty . . . shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments.").

Knowles does not contest that he bore the burden of showing that he was indigent. *See United States* v. *Kelley*, 861 F.3d 790, 800 n.5 (8th Cir. 2017). We review for clear error the district court's factual finding that Knowles was non-indigent and review de novo "[w]hether the district court applied the correct legal standard in assessing [Knowles'] non-indigence." *United States v. Graves*, 908 F.3d 137, 140 (5th Cir. 2018),

---

[1] Section 3013 requires the district court to assess a special assessment of $100 on any individual convicted of a felony against the United States. 18 U.S.C. § 3013(a)(2)(A) (2012).

2

*cert. denied*, No. 18-7861, 2019 WL 501919 (U.S. Mar. 18, 2019); *Kelley*, 861 F.3d at 801-02.

Knowles contends that the district court improperly considered his future earning capacity and future ability to pay in determining that he was non-indigent for purposes of 18 U.S.C. § 3014(a). Two of our sister circuits have held that district courts may consider a defendant's future ability to pay in determining whether the defendant is non-indigent for purposes of § 3014(a). *Graves*, 908 F.3d at 141 ("[D]istrict courts may consider future earning capacity in determining non-indigence in this context."); *Kelley*, 861 F.3d at 801 ("[I]n the context of § 3014 indigence determinations, an analysis of both a defendant's current financial situation and his ability to pay in the future is appropriate in determining his non-indigent status." (internal quotation marks omitted)).

We have reviewed the record and conclude that the district court did not clearly err in determining that Knowles was non-indigent under § 3014(a). Knowles—who will be 25 years old at the time of his projected release date—has a General Education Diploma and an Associate of Arts degree. He maintained full time employment before his arrest in this case and represented to the district court that multiple people were willing to hire him after his release from prison. Finally, Knowles told the district court that he had a plan to return to college, get a job, and maintain a stable income after his release. In light of

these facts, the district court did not clearly err in determining that Knowles was non-indigent for the purpose of paying the $5000 special assessment under § 3014(a).[2]

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] Knowles also contends that it was incongruous for the district court to find him non-indigent for purposes of paying the $5000 special assessment in light of its finding that he was unable to pay a fine. But a "district court's decision not to impose a separate fine of $25,000 to $250,000 is . . . reconcilable with its decision to impose the $5,000 special assessment," *Graves*, 908 F.3d at 143, because "a defendant may not have the same ability to pay $5,000 as he would have to pay [5] to [50] times that amount," *id.* at 143-44.